IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JERONIMO GUEDEA, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:14cv86 |
| TEX. BD. OF PARDONS AND PAROLES | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jeronimo Guededea, Jr., proceeding *pro se*, filed the above-styled civil rights action. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court.

The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter. The Magistrate Judge recommends the case be dismissed for failure to state a claim upon which relief may be granted and that the court decline to exercise supplemental jurisdiction over petitioner's state law claims.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Plaintiff filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in light of the record and the applicable law.

Plaintiff complains that the Texas Board of Pardons and Paroles has refused to provide him with copies of the minutes of his parole proceedings. He seeks the minutes in order to determine whether anyone was protesting his release on parole, what his parole guideline score was, and the way the board members considering his case voted.

The Magistrate Judge concluded that as plaintiff named the Board of Pardons and Paroles, a state agency, as the defendant, his claims were barred by the Eleventh Amendment to the Constitution. The Magistrate Judge further concluded that as a Texas state inmate has no protected liberty interest in parole and can therefore not challenge the procedures used to determine whether

an inmate should be released on parole, plaintiff failed to state a claim upon which relief may be granted. Finally, as he had recommended that plaintiff's federal law claims be dismissed, the Magistrate Judge recommended that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims under the Texas Open Records Act.

Along with his objections, plaintiff filed a motion (doc. no. 13) seeking leave to amend his complaint to change the defendant in this matter to David Gutierrez, the chairman of the Board of Pardons and Paroles. This motion is **GRANTED**. In light of the amendment to the complaint, it would no longer be appropriate to dismiss this lawsuit pursuant to the Eleventh Amendment.

In his objections, plaintiff states he is seeking a copy of his parole file, including his parole guideline score, rather than the minutes of his parole proceedings. He states that being denied access to his file violates his rights under the First Amendment to petition the government for a redress of grievances.

The Magistrate Judge's statement that plaintiff was seeking a copy of the minutes of his parole proceedings is understandable as the relief portion of plaintiff's complaint asks the court to "afford petitioner his parole minutes." Nevertheless, the court will construe the complaint as seeking a copy of plaintiff's parole file.

Plaintiff is complaining about the procedures used by the Board of Pardons and Paroles, specifically, the procedural rule that prevent inmates from obtaining a copy of their parole files. However, as a Texas state inmate has no liberty interest in being released on parole, he cannot complain of a deprivation of due process of law based on the procedures used during his parole proceeding. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995). Further, the parole board's failure to permit an inmate to obtain a copy of his parole file "does not assume the proportions of a deprivation of his rights under the Constitution or laws of the United States." *Jackson v.* Reese, 608 F.2d 159, 160 (5th Cir. 1979) (quoting *Cook v. Whiteside*, 505 F.2d 32, 34 (5th Cir. 1974)). The Board's procedures do not prevent plaintiff from petitioning for a redress of grievances. They simply prevent him from having a copy of his parole file to aid him in raising his grievances. As a result, plaintiff has failed to state a claim upon which relief be

granted.

Accordingly, plaintiff's objections are **OVERRULED**. Except insofar as the Magistrate Judge concluded this case was barred by the Eleventh Amendment, the findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the court. A final judgment shall be entered dismissing this matter.

So **ORDERED** and **SIGNED** this **12** day of **November, 2016.**

_____
Ron Clark, United States District Judge